UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ZINKENG ATEMAFAC** | **CASE NO.  6:20-CV-01697 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **CHAD WOLF** | **MAGISTRATE JUDGE WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (rec. doc. 1) filed by pro se petitioner Zinkeng Atemafac.  Petitioner is an immigration detainee in the custody of the Department of Homeland Security / U.S. Immigration and Customs Enforcement ("DHS/ICE").  At the time of her filing, she was detained at the South Louisiana ICE Processing Center in Basile, Louisiana. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

For the reasons stated below, **IT IS RECOMMENDED** the Petition for Writ of Habeas Corpus (rec. doc. 1) be **DENIED** and **DISMISSED WITHOUT PREJUDICE,** that Petitioner's conditions of confinement claim be **DISMISSED WITH PREJUDICE,** and all pending motions be **DENIED** as **MOOT**.

## I.     Background

### A. Status of Immigration Detention

Zinkeng Atemafac, a twenty-five-year-old native and citizen of Cameroon, has been in ICE custody since January 31, 2020, pending removal proceedings. She complains that, at the time of filing, she had been in custody for over twelve months without a hearing to determine whether her incarceration is warranted based on danger or flight risk.

## II.    Law & Analysis

Petitioner asks this Court to issue a writ of habeas corpus, finding that her detention is not justified because the government has not determined whether her incarceration is warranted based on danger or flight risk, and to order her release with appropriate conditions of supervision. In the alternative, she seeks to be released within twenty days unless the government schedules a hearing in front of an immigration judge where to continue detention, it must be proven that Petitioner presents a risk of flight or danger and, if the government cannot meets its burden, an immigration judge orders her release. She also seeks immediate release, as she is highly vulnerable to serious injury or death should she contract COVID-19 again, as she tested positive for the virus in November 2020.

### A. Petitioner's detention is constitutionally permissible.

The Supreme Court has held that an alien does not have a constitutional right to be released from detention during the limited period in which removal proceedings are pending. *Demore v. Kim*, 538 U.S. 510, 531 (2003). The right to release, therefore, is a right granted and controlled by statute. *See generally Carlson v. Landon*, 342 U.S. 524, 532-36 (1952). Specifically, when and under what circumstances an alien may be released while removal proceedings are pending is governed by 8 U.S.C. § 1226(a).

Section 1226 generally "governs the process of arresting and detaining ... aliens pending their removal." *Jennings v. Rodriguez,* 138 U.S. 830, 837 (2018). Section 1226(a) provides that any "alien *may* be arrested and detained pending a decision on whether the alien is to be removed from the United States...." *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F. Supp. 3d 518, 521 (W.D. La. 2018) (citing 8 U.S.C. § 1226(a)) (emphasis in original). Detention under 1226(a) is generally referred to as "discretionary detention." *Id*.

Aliens like Petitioner who are detained under § 1226(a) receive numerous procedural protections. Although § 1226(a) does not grant Petitioner an automatic right to release while her immigration proceedings are pending, *see Reno v. Flores*, 507 U.S. 292, 306 (1993), it grants her a number of meaningful opportunities to raise arguments in support of her release. Under § 1226(a), an alien is detained "pending

a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). "[P]ending such decision," the Department of Homeland Security "may continue to detain the arrested alien" or "may release" the alien on bond. 8 U.S.C. § 1226(a)(1).

Accordingly, this Court finds that Petitioner's detention pending the outcome of her removal proceedings in immigration court constitutionally permissible under 8 U.S.C. § 1226(a) and does not violate her Fifth Amendment right to due process.

**B. Duration of Petitioner's detention pending removal is reasonable.**

To the extent Petitioner is challenging the constitutionality of her detention pending the resolution of her removal proceedings, this Court has jurisdiction over her claims, pursuant to 28 U.S.C. §2241. *See, e.g., Demore*, 123 U.S. at 531 (2003) (concluding that federal district courts have habeas jurisdiction to review constitutional challenges to mandatory detention while removal proceedings are pending under § 1226(c)); *Zadvydas, v. Davis*, 533 U.S. 678, 693 (2001) (concluding that "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges" to the duration of detention after a final order of removal has been entered). The Court in *Demore* distinguished between the valid detention there, and that at issue in *Zadvydas*, noting that in *Zadvydas* "removal was no longer practically attainable" and that "the period of detention at issue in

*Zadvydas* was 'indefinite' and 'potentially permanent.'" *Zadvydas*, 121 U.S. at 527-28.

Here, the Petitioner has been in custody for approximately twelve (12) months. The Court finds that this period is neither excessive nor of an indefinite nature. Petitioner will be subject to removal from the United States or will be granted asylum. There is no indication that her custody will last longer than the duration of her removal proceedings. A twelve-month period of pre-removal order detention in this case is reasonable. Other courts have found longer periods were not unreasonable for detention during removal proceedings. *See Barrera-Romero,* 2016 WL 7041710, at * 5 (twenty months' detention); *Kim v. Obama*, 2010 WL 10862140 (W.D. Tex. 2012) (one-and-a-half years detention); *Garcia v. Lacy*, 2013 WL 3805730, *5 (S.D. Tex. 2013) (27 months' detention).

**C. Petitioner's conditions of confinement claims should be dismissed.**

Finally, Petitioner seeks release based on her allegation that she is highly vulnerable to serious injury or death should she contract COVID-19 again.

"Simply stated, habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody, and it cannot be used properly for any other purpose. While it is correctly alluded to as the Great Writ, it cannot be utilized as . . . a springboard to adjudicate

matters foreign to the question of the legality of custody." *Pierre v. United States,* 525 F.2d 933, 935-36 (5th Cir. 1976).

"Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions." *Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007). "A § 2241 habeas petition is the proper procedural vehicle for challenging an action that 'directly implicates the duration of' a prisoner's confinement. *Davis v. Fechtel*, 150 F.3d 486, 487, 490 (5th Cir. 1998). It is not, however, the proper procedural vehicle for claims . . . regarding the conditions of confinement." *Boyle v. Wilson*, 814 F. App'x 881, 882 (5th Cir. 2020).

While Courts in this district, including this one, have previously handled Covid-19 relief claims in the context of § 2241, the Fifth Circuit recently spoke on this issue in the published decision of *Rice v. Gonzalez*, 2021 U.S. App. LEXIS 2879 (5th Cir. Tex. February 2, 2021). The Court definitively stated that the fact that the petitioner "might more likely be exposed to COVID-19 during confinement, and that he may have certain common underlying health conditions, taken together do not impugn the underlying legal basis for the fact or duration of his confinement." *Id.*

at *1.  It found, therefore, that it was not authorized to grant the extension of federal habeas corpus law sought[1].

As Petitioner's conditions of confinement claim is unrelated to the cause of her detention, it should be dismissed[2].

Accordingly,

**IT IS RECOMMENDED** the Petition for Writ of Habeas Corpus (rec. doc. 1) is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Petitioner's conditions of confinement claim be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that all pending motions be **DENIED** as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal

---

[1] The *Rice* Court stated that "at least one other circuit court has held in a published opinion that Section 2241 provides jurisdiction and potential relief for federal prisoners to seek COVID-related release from custody. *Wilson v. Williams*, 961 F.3d 829, 837-39 (6th Cir. 2020). But this circuit's precedential, published case law is otherwise." See *Valentine v. Collier*, 956 F.3d 797 (5th Cir. 2020) (*Valentine I*); *Valentine v. Collier,* 978 F.3d 154 (5th Cir. 2020) (*Valentine II*); *Marlowe v. LeBlanc*, 810 Fed. App'x 302 (5th Cir. 2020).

[2] This Court notes that the unpublished, non-binding, decision of *Cheek v. Warden of Fed. Med. Ctr.,* 2020 WL 6938364, at *1 (5th Cir. Nov. 24, 2020), does not alter its conclusion.  See *Acha v. Wolf*, No. 20-1696, 2021 U.S. Dist. LEXIS 27602 (W.D. La. Jan. 27, 2021).

conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 8th day of March, 2021.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**